# (April 25, 1974)

In the Matter of JAMES MONGITORE et al., Doing Business as JAMES MONGITORE ASSOCIATES, Petitioners, v. JOSEPH H. MURPHY et al., Constituting the State Tax Commission, Respondents.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by an order of the Supreme Court at Special Term, entered in Albany County), to review a determination of the State Tax Commission which denied petitioner's applications for revision, refund or redetermination of unincorporated business taxes assessed or paid under article 16-A of the Tax Law for the fiscal years ending April 30, 1959 and April 30, 1960 and under article 23 of the Tax Law for the fiscal years ending April 30, 1961 and April 30, 1964. In 1956 the petitioner, James Mongitore, licensed by the State in 1952 as a professional engineer, entered into a partnership with the petitioner Lucio Gemola under the name of James Mongitore Associates whereby profits and losses were to be shared equally. Mr. Gemola is not a licensed engineer. His duties consisted of serving the partnership in the capacity of office manager and as a draftsman. If in the course of his duties he was required to engage in work of an engineering nature, it was performed under the direction of Mr. Mongitore. The State Tax Commission determined that the partnership practice constituted the conduct of an unincorporated business during the 1959 and 1960 fiscal years within the meaning of article 16-A of the Tax Law and under article 23 of the Tax Law which governed the 1961 and 1964 fiscal periods. Petitioners claimed exemption from the tax thereby imposed under section 368 of the Tax Law for the former periods and under similar provisions of subdivision (c) of section 703 of the Tax Law with respect to the latter periods. Both statutory provisions exempt from the unincorporated business taxes otherwise applicable to the tax years in question the practice of a profession in which capital is not an income producing factor and in which 80% of the professional gross income is derived from the personal services actually rendered by members of the unincorporated entity. The commission has determined that petitioners are not engaged in the practice of a profession within the meaning of applicable

provisions of the Tax Law because the partnership failed to comply with the requirements of section 7209 of the Education Law, then in effect, providing that all the members of a partnership engaged in professional engineering be licensed. We have, on a prior occasion, rejected such reasoning and held that under such circumstance the determination of entitlement to an exemption must be based on what the entity claiming exemption actually does and not on whether or not it complies with the requirements of a licensing statute (*Matter of Kahn & Jacobs v. State Tax Comm.,* 39 A D 2d 278, affd. 33 N Y 2d 549). Determination annulled, with costs. Herlihy, P. J., Greenblott, Cooke, Kane and Main, JJ., concur.